IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY JAMES GEREN,                          No. CIV S-10-0206-GEB CMK-P

       Plaintiff,

  vs.                                                ORDER

MATTHEW CATE, et al.,

       Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172,

1

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Here, plaintiff's complaint is nearly 50 pages and refers to nearly 250 pages of attached documents which purportedly support the factual allegations against the defendants. This pleading method does not, however, satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly. To the contrary, plaintiff's complaint would require the court to comb through 300 pages of documents in order to determine plaintiff's claims.[1] The court is unwilling to do this in part due to limited judicial resources but also because it is for plaintiff – not the court – to formulate his claims.

The court notes, however, that it appears plaintiff's complaint raises a claim for a violation of his Eighth Amendment rights related to medical treatment. It also appears that in addition to the medical providers, plaintiff has named several supervisory defendants. Plaintiff is informed that at the pleading stage, he is not required to provide explicit detail as to each factual allegation supporting his claim. Vague and conclusory allegations are insufficient, but it is unnecessary to support his claims with evidence and explicit detail in a complaint. It is sufficient to outline the allegations, supporting each claim with sufficient actual connection or link between the actions of the named defendants and the alleged deprivations.

/ / /

---

[1] In addition, even if the court was to find the complaint sufficient to state a claim against the defendants, plaintiff will be required to obtain copies of his complaint in order to serve the defendants. Plaintiff is likely to have significant difficulties in obtaining proper copies of a complaint consisting of 300 pages.

As to the supervisory defendants, plaintiff is informed that supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S. Ct. at 1948. Thus, it would appear questionable at this time whether plaintiff will be able to state a claim against the supervisory defendants, such as the Secretary of the California Department of Corrections, the Warden, or the Chief Medical Officer of the institution.

Plaintiff is also informed that the treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison

officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  <u>See</u> <u>Farmer</u>, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  <u>See</u> <u>id.</u>

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  <u>See</u> <u>Estelle</u>, 429 U.S. at 105; <u>see also</u> <u>Farmer</u>, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  <u>See</u> <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992); <u>see also</u> <u>Doty v. County of Lassen</u>, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  <u>See</u> <u>McGuckin</u>, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  <u>See</u> <u>Hunt v. Dental Dep't</u>, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  <u>See</u> <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Thus, in order to state a claim under the Eighth Amendment for the medical treatment plaintiff has received, he will need to assert more than simple negligence or medical malpractice. The claim must rise to the level of deliberate indifference.

In addition, while plaintiff need be careful not to violate Rule 8's requirement that his claims be stated simply, concisely, and directly, he also must be aware of the requirement to allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See

1  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
2  amend, all claims alleged in the original complaint which are not alleged in the amended
3  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
4  plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
5  plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be
6  complete in itself without reference to any prior pleading.  See id.

7        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
8  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
9  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
10 each named defendant is involved, and must set forth some affirmative link or connection
11 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
12 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

13       Finally, plaintiff is warned that failure to file an amended complaint within the
14 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
15 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply
16 with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
17 See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

18       Accordingly, IT IS HEREBY ORDERED that:

19     1.    Plaintiff's complaint is dismissed with leave to amend; and

20     2.    Plaintiff shall file an amended complaint within 30 days of the date of
21 service of this order.

23  DATED: April 14, 2011

                                                           CRAIG M. KELLISON
                                                          UNITED STATES MAGISTRATE JUDGE