IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY JAMES GEREN, | No. CIV S-10-0206-GEB CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| MATTHEW CATE, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for appointment of counsel (Doc. 30), and motion to file a second amended complaint (Doc. 32).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not at this time find the required exceptional circumstances.

Federal Rule of Civil Procedure 15 provides that the court should freely give leave to file an amended complaint when justice so requires. Fed. R. Civ. Proc. 15(a)(2). Here, plaintiff's second amended complaint is essentially the same as his first amended complaint, which was filed pursuant to this court's order. It appears plaintiff has simply fixed some typographical errors which were present in the first amended complaint. As such, the court will accept the second amended complaint. By separate order, the court will address the claims raised therein, and will determine whether the second amended complaint is sufficient to state a claim as required by 28 U.S.C. § 1915A(a).

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for the appointment of counsel (Doc. 30) is denied; and

2.  Plaintiff's motion to file a second amended complaint (Doc. 32) is granted.

DATED: October 17, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE