**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

RANDY JAMES GEREN,                    No. CIV S-10-0206-GEB CMK-P

         Plaintiff,

    vs.                                         FINDINGS AND RECOMMENDATIONS

MATTHEW CATE, et al.,

         Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's second amended complaint (Doc. 33), as well as his request for the court to accept and file the second amended complaint as timely filed (Doc. 32).  Plaintiff's second amended complaint is essentially the same as his first amended complaint, but will nonetheless be accepted by the court.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

1

1  the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

2  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

3  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

4  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

5  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

6  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

7  allege with at least some degree of particularity overt acts by specific defendants which support

8  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

9  impossible for the court to conduct the screening required by law when the allegations are vague

10  and conclusory.

11         Plaintiff claims his Eighth Amendment rights have been violated by the

12  defendants' deliberate indifference to his medical needs.  Specifically, he alleges that he suffers

13  from sleep apnea and requires a Bi-pap machine in order to breathe properly.  He states that he

14  has had difficulties in obtaining the correct Bi-pap mask in order to use the Bi-pap machine

15  properly.  Most of his complaint outlines his discontentment with the 602 inmate appeals

16  responses he received in his attempt to obtain the proper mask.  He also complains about the

17  amount of time it took to receive the proper mask, setting forth that the wrong mask had been

18  ordered twice.  Similarly, he alleges significant delay in receiving a necessary sleep study, and

19  having to suffer degrading and embarrassing comments during examinations.

20         Plaintiff's original complaint was dismissed for violating Rule 8.  However, the

21  court also explained to plaintiff what was required to state a claim for deliberate indifference to

22  his medical needs.  The court also explained the need for plaintiff to allege an actual connection

23  or link between the actions of the named defendants and the alleged deprivations.  See Monell v.

24  Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  Plaintiff's

25  current complaint fails to correct the deficiencies previously identified by the court, including his

26  failure to explain who is responsible for causing the delay in his receipt of the Bi-pap mask and

1   sleep study.  While he alleges several of the defendants are generally responsible for his

2   treatment and following through with their own orders that plaintiff needed the equipment, he

3   fails to explain how these medical providers are responsible for the delay and/or receipt of the

4   wrong mask.  There is no allegation that any of the defendants purposefully ordered the wrong

5   mask, had any control over the amount of time it took to receive the mask, or when the sleep

6   study was to be conducted.  While this defect may be curable, as discussed below, plaintiff's

7   complaint suffers from other defects, which are not curable.

8           Plaintiff was previously informed that:

9           the treatment a prisoner receives in prison and the conditions under
            which the prisoner is confined are subject to scrutiny under the
10          Eighth Amendment, which prohibits cruel and unusual
            punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993);
11          Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth
            Amendment "embodies broad and idealistic concepts of dignity,
12          civilized standards, humanity, and decency."  Estelle v. Gamble,
            429 U.S. 97, 102 (1976).  Conditions of confinement may,
13          however, be harsh and restrictive.  See Rhodes v. Chapman, 452
            U.S. 337, 347 (1981).  Nonetheless, prison officials must provide
14          prisoners with "food, clothing, shelter, sanitation, medical care,
            and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107
15          (9th Cir. 1986).  A prison official violates the Eighth Amendment
            only when two requirements are met: (1) objectively, the official's
16          act or omission must be so serious such that it results in the denial
            of the minimal civilized measure of life's necessities; and (2)
17          subjectively, the prison official must have acted unnecessarily and
            wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S.
18          at 834.  Thus, to violate the Eighth Amendment, a prison official
            must have a "sufficiently culpable mind."  See id.
19              Deliberate indifference to a prisoner's serious illness or
            injury, or risks of serious injury or illness, gives rise to a claim
20          under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see
            also Farmer, 511 U.S. at 837.  This applies to physical as well as
21          dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d
            1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently
22          serious if the failure to treat a prisoner's condition could result in
            further significant injury or the "unnecessary and wanton infliction
23          of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.
            1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th
24          Cir. 1994).  Factors indicating seriousness are: (1) whether a
            reasonable doctor would think that the condition is worthy of
25          comment; (2) whether the condition significantly impacts the
            prisoner's daily activities; and (3) whether the condition is chronic
26          and accompanied by substantial pain.  See Lopez v. Smith, 203

                                        3

F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Thus, in order to state a claim under the Eighth Amendment for the medical treatment plaintiff has received, he will need to assert more than simple negligence or medical malpractice. The claim must rise to the level of deliberate indifference.

Plaintiff's claim of deliberate indifference relates to the delay he has faced in receiving the proper equipment. As set forth above, there are two prongs to a claim of deliberate indifference. First, there must be a serious medical need which the defendant failed to properly respond to. Second, there must be a "purposeful act or failure to act on the part of the defendant." McGuckin, 974 F.2d at 1060. Even if the court were to assume that plaintiff's sleep apnea was a serous medical condition requiring the treatment he states he did not receive, all plaintiff has complained of is a delay in receiving such treatment. There is no allegation that anyone, especially one of the named defendants, specifically acted with the intention of delaying his treatment, nor is there any allegation of additional harm caused by such delay. In fact, during the inmate appeals process, it appears the error causing plaintiff to receive the incorrect mask was investigated and remedied. There is no allegation that someone purposefully ordered the wrong mask in order to cause plaintiff harm. Rather, it appears that perhaps a mistake was made by the

4

supply company in sending the wrong mask.  Therefore, even if plaintiff was allowed to amend his complaint again in order to identify who was responsible for ordering the mask, there is nothing in the facts alleged which could lead to the finding that anyone acted with deliberate intention of causing plaintiff harm.  Similarly, plaintiff's claims about the delays in receiving the updated sleep study do not rise to the level of deliberate indifference.  There is no indication that delay caused additional harm, or that anyone deliberately denied plaintiff the study.

Plaintiff further alleges the one defendant in particular, defendant Dechant, caused him embarrassment and humiliation during an examination due to her reaction and comments to his health complaints.  Assuming defendant Dechant's comments could be considered verbal harassment, such comments do not rise to the level of a constitutional violation.  Allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage."  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).  In addition, the prisoner must show that the verbal comments were unusually gross, even for a prison setting, and that he was in fact psychologically damaged as a result of the comments.  See Keenan, 83 F.3d at 1092.  Plaintiff alleges that defendant Dechant responded to plaintiff's complaint "by asking if he had brought his 'violin.'" (Second Amended Complaint, Doc. 33, at 8).  While perhaps rude and inappropriate, such a comment is not so harmful that it could be interpreted to have been made with the intention to cause plaintiff psychological damage.

Finally, to the extent plaintiff is complaining about the inmate grievance process, such allegations are insufficient to state a claim for violation of his constitutional rights.  Prisoners have no stand-alone due process rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Because there is no right to any particular grievance process, it is impossible

1   for due process to have been violated by ignoring or failing to properly process grievances.

2   Numerous district courts in this circuit have reached the same conclusion.  See Smith v.

3   Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances

4   did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996)

5   (concluding that prison officials' failure to properly process and address grievances does not

6   support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal.

7   1995) (dismissing complaint without leave to amend because failure to process a grievance did

8   not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal.

9   1994) (concluding that prisoner's claim that grievance process failed to function properly failed

10  to state a claim under § 1983).  Prisoners do, however, retain a First Amendment right to petition

11  the government through the prison grievance process.  See Bradley v. Hall, 64 F.3d 1276, 1279

12  (9th Cir. 1995).  Therefore, interference with the grievance process may, in certain

13  circumstances, implicate the First Amendment.

14          There is no allegation that there was any interference with plaintiff's ability to file

15  an inmate grievance.  In fact, it appears that plaintiff successfully completed the inmate grievance

16  process, with at least some success.  The failure to obtain the outcome desired, within the time

17  plaintiff thought necessary, is insufficient to state a claim.

18          Because it does not appear possible that the deficiencies identified herein can be

19  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

20  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

21          Based on the foregoing, the undersigned recommends that plaintiff's second

22  amended complaint be dismissed, without leave to amend, and this action be closed.

23          These findings and recommendations are submitted to the United States District

24  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

25  after being served with these findings and recommendations, any party may file written

26  objections with the court.  Responses to objections shall be filed within 14 days after service of

objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


 DATED: October 18, 2011


 CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE