IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY JAMES GEREN, | No. CIV S-10-0206-GEB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| MATTHEW CATE, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court[1] are plaintiff's objections to the final judgment, and motions for the court to reconsider the final judgment or alter the judgment entered (Docs. 42, 43, 44, 48).

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart,

---

[1] Plaintiff has also filed motions for the appointment of counsel (45, 46, 47). Plaintiff's prior requests have been denied, and as this case is now closed, those motions will be denied as moot.

1

778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no later than twenty-eight (28) days after entry of the judgment.  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2]  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).   The only ground possible here would be the need to correct clear error or prevent manifest injustice.

On October 19, 2011, the Magistrate Judge filed findings and recommendations, finding that plaintiff failed to state a claim in his amended complaint, that it did not appear possible that the defects in his claim could be cured through amendment, and recommending that the amended complaint be dismissed and this action be closed.  Plaintiff then filed his objections to the Magistrate Judge's findings and recommendations.  In his objections, plaintiff indicates that the court is confusing his amended complaints, stating that he had only filed a first amended complaint and that his second amended complaint was not yet completed.  However, regardless of whether the amended complaint under review was the first or second, the Magistrate Judge found, and the undersigned agreed, that plaintiff could not state a claim and the defects found were not curable.  To the extent plaintiff is requesting leave to file another amended complaint, he fails to provide sufficient reasons for the court to allow such an option.  As the Magistrate Judge found, and the undersigned agreed with, the deficiencies identified in plaintiff's claims do not appear to be curable.  Plaintiff was informed what was required to state a claim for deliberate

---

[2]  If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

1 indifference or delay in his medical treatment, and his amended complaint, which was filed after
2 the court so informed him, failed to cure the defects identified.  His statements that the second
3 amended complaint has not yet been filed, and his request to do so, fails to show that he would
4 be able to cure those defects, particularly would be able to identify who was responsible for his
5 delayed treatment, or that he suffered additional harm due to the dely in obtaining the correct
6 mask.

7      Thus, regardless of whether plaintiff wanted to file another amended complaint,
8 the court found plaintiff's claims defective, and that those defects were not curable.  He fails to
9 show how the defects identified in his claims are in fact curable.  Thus, he fails to show clear
10 error or manifest injustice in order for the court to reconsider its determination that he fails to
11 state a claim upon which relief can be granted.

12      Accordingly, IT IS HEREBY ORDERED that plaintiff's objections, motions for
13 reconsideration, and motions to amend the judgment (Docs. 42, 43, 44, 48) are denied, and all
14 other pending motions are denied as moot.

15 Dated:  September 20, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge